IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT PIERRE KIDD,

    Plaintiff,

  v.

JOHN DOW,

    Defendant.

ORDER

Case No. 17-cv-597-jdp

---

ROBERT PIERRE KIDD,

    Plaintiff,

  v.

JACQUILIN SHELLINGER,

    Defendant.

ORDER

Case No. 17-cv-598-jdp

---

Plaintiff Robert Pierre Kidd, a prisoner in the custody of the Wisconsin Department of Corrections, has submitted two proposed civil actions under 42 U.S.C. § 1983. Plaintiff has filed a certified copy of a trust fund account statement in support of the motions for leave to proceed without prepaying the fee. After considering the motions and supporting documentation, the court concludes that plaintiff qualifies for indigent status.

Even when a prisoner litigant qualifies for indigent status, the litigant must pay a portion of the fee returned by the formula set forth in 28 U.S.C. § 1915(b)(1). Using information for the relevant time period from plaintiff's trust fund account statement, I conclude plaintiff's initial partial filing fees for each case to be $24.48. For these cases to proceed, plaintiff must submit these amounts on or before August 24, 2017.

ORDER

IT IS ORDERED that,

1. Plaintiff Robert Pierre Kidd is assessed $24.48 for each case as initial partial payments of the $350.00 fees for filing these cases. Plaintiff is to submit checks or money orders made payable to the clerk of court in the amount of $24.48 for each case (or a single check in the amount of $48.96 for both cases) or advise the court in writing why plaintiff is not able to submit the assessed amounts on or before August 24, 2017.

2. If plaintiff does not have enough money to make the initial partial payments from plaintiff's regular account, plaintiff should arrange with authorities to pay the remainder from plaintiff's release account.

3. If, by August 24, 2017, plaintiff fails to make the initial partial payments or show cause for failure to do so, plaintiff will be held to have withdrawn these actions voluntarily and the cases will be closed without prejudice to plaintiff filing the cases at a later date.

4. No further action will be taken in this case until the clerk's office receives plaintiff's initial partial filing fees as directed above and the court has screened the complaints as required by the Prisoner Litigation Reform Act, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue.

Entered this 2nd day of August, 2017.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge