IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT PIERRE KIDD,
        Plaintiff,
  v.

C.O. SANKEY, SGT. HUELSMON,
and LT. SCHNEIDER,

        Defendants.

ORDER

17-cv-597-jdp

---

ROBERT PIERRE KIDD,
        Plaintiff,
  v.

WAUPUN CORRECTIONAL INSTITUTION,

        Defendant.

ORDER

18-cv-313-jdp

---

Plaintiff Robert Pierre Kidd, appearing pro se, is an inmate at the Waupun Correctional Institution. In case no. 17-cv-597-jdp, he alleges that correctional officials held him down and pepper sprayed him while he was having a seizure in December 2014 even though prison officials were told not to handcuff him during seizures. More recently, he submitted a complaint that was assigned the number 18-cv-313-jdp; in that case he alleges that he was billed about $540 for a correctional officer's injuries after a March 2018 incident involving another seizure.

Kidd made an initial partial payment of the filing fee for the '313 case, as directed by the court. But he also has filed a motion asking me to join these two cases, stating that they both have to do with the method by which correctional officers respond to his seizures. In previous litigation, he attempted to join three cases involving him being punished for seizures, but I stated that "nothing in Kidd's allegations in those three cases makes a connection among

the incidents he names in those complaints, and so there is no reason to consider them together at this point," and that Kidd had already chosen to voluntarily dismiss one of those cases. *Kidd v. Waupun Corr. Inst.*, No. 17-cv-265-jdp, slip op. at 3 (W.D. Wis. Oct. 25, 2017). In his current motion, he seems to be saying that WCI employees have a practice of using force against him when he has a seizure—they handcuff him, hold him down, and in at least one incident, tried to tase him.

The allegations in his new motion persuade me that he might be able to join the '597 and '313 cases into one lawsuit, despite the more than three-year span between the events discussed in both complaints. But his current pleadings are not in an acceptable form for joining with the '597 case. The allegations forming the heart of his claims in the '313 case are scattered between his complaint and his motion to join, and he does not explain which individual defendants are responsible for confiscating his funds to pay for the officer's medical bills. So I will deny his motion to join without prejudice. I will give him a short time to submit an amended complaint, captioned under the '597 case, combining all of the claims from the '597 case and from the '313 case, and explaining how they are related to each other.

Kidd will need to draft his amended allegations as if he were telling a story to people who know nothing about his situation. In particular, he should explain the basic facts about each incident, which individual defendants were involved in harming him, either physically or by confiscating his funds, and whether they were acting pursuant to a policy, custom, or practice. That is, he needs to explain why the 2014 event is connected to the 2018 event.

If Kidd's amended complaint contains claims that belong together in the same lawsuit, I will screen those claims in the '597 case, dismiss the '313 case as duplicative, and apply the

filing free from the '313 case to the '597 case. If Kidd's new allegations do not show that the claims belong in one lawsuit, I will treat his cases separately.

Also in the '313 case, Kidd has filed a letter asking the court to direct prison officials to refund him the $540 that was deducted from his account. That is a remedy that the court could not grant until Kidd properly stated a claim about the taking of those funds and he prevailed in the lawsuit or on a motion for injunction. I cannot grant that relief at this early stage of the lawsuit, so I will deny the motion. Kidd's task is to amend his complaint.

ORDER

IT IS ORDERED that:

1. Plaintiff Robert Pierre Kidd's motion to join case nos. 17-cv-597-jdp and 18-cv-313-jdp, Dkt. 49 in the '597 case, is DENIED without prejudice.

2. Plaintiff's motion for the court to direct reimbursement of his confiscated funds, Dkt. 9 in the '313 case, is DENIED.

Entered May 30, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge